## ELIZABETHTOWN LINCOLN–MERCURY, Inc.

### v.

### JENKINS.

Court of Appeals of Kentucky.

Dec. 4, 1953.

———◇———

J. Howard Holbert, Elizabethtown, for appellant.

Hatcher & Lewis, Elizabethtown, for appellee.

CAMMACK, Justice.

This is an appeal from a judgment in favor of the appellee, W. M. Jenkins, for $976 for an alleged breach of warranty in the purchase of a new Lincoln automobile. The judgment was entered November 28, 1950, and the appeal was perfected by the filing of a copy thereof with the Clerk of this Court on November 21, 1952. The action was not instituted until some 15 months after Jenkins purchased the car. The basis for it was that the Lincoln-Mercury Company sold Jenkins a used car which turned out to be defective in some respects, instead of a new car as they represented it to him, and on which he paid the new car sales tax.

The appellant contends that (1) the verdict is not supported by sufficient evidence; and (2) the trial court erred in the exclusion of certain evidence relating to the complete transaction concerning the car prior to the time it was sold to Jenkins. It would serve no useful purpose to discuss these questions separately.

The appellant received the car May 1, 1948. On June 8th it sold the car to a Mr. Jones for $3,758.72. The new car tax was paid on that transaction. Jones sold the car to Roy West, a used car dealer. On June 10th, the appellant purchased the car from West for $4,700. For a time the car was used by an officer of the appellant and his family. The car was used some as a demonstrator. It was sold to Jenkins October 15, 1948, for $3,976.57 as a new car, as we have noted. The speedometer had been disconnected and showed only 176 miles. Jenkins had trouble with the car and it was in the appellant's repair shop on numerous occasions. Jenkins also took it to other places for repair. When the speedometer registered 16,000 miles he had the overdrive overhauled by a mechanic, who had formerly worked for the appellant. The appellant's testimony showed that this mechanic had been discharged by it. The testimony of this witness was to the effect that the car showed that it had been driven a much greater distance then the speedometer indicated. The appellant made a vigorous attack upon the testimony of this witness, and introduced technical proof in an effort to show that his testimony as to the mechanical work done on the overdrive

could not be true. Another mechanic testified for Jenkins and his proof substantiated that of the mechanic who overhauled the overdrive.

The appellant's contention as to the evidence excluded by the trial court concerns, in the main, the price it paid West for the car. This price was $4,700, and, as we view the record, this fact was brought out before the jury. It is true, however, that on at least one occasion the court struck from the record the testimony as to the price the appellant paid West for the car. Under the circumstances, we fail to see how the appellant was prejudiced in this respect.

We are of the opinion also that the case was one for the jury.

Judgment affirmed.